**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

Case No. SACV 10-1876 DOC(RNBx)                  Date: March 11, 2011

Title: U.S. COMMODITY FUTURES TRADING COMMISSION v. AMERICAN BULLION EXCHANGE ABEX, CORP., AMERICAN BULLION EXCHANGE, LLC, and RYAN A. NASSBRIDGES, defendants, and AMERICAN PREFERRED COMMODITIES APC CORP., R.E. LLOYD COMMODITIES GROUP HOLDINGS, LLC, and BITA J. NASSBRIDGES

PRESENT:

THE HONORABLE DAVID O. CARTER, JUDGE

    Nancy Boehme                                                 Not Present
Courtroom Clerk                                               Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFFS: ATTORNEYS PRESENT FOR DEFENDANTS:

NONE PRESENT                                             NONE PRESENT

PROCEEDING (IN CHAMBERS): ORDER DENYING DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT

      Before the Court is Defendant Ryan A. Nassbridges' Motion to Dismiss Plaintiff U.S. Commodities Futures Trading Commission's Complaint in the above-captioned case ("Motion") (Docket 5).[1] The court finds this matter appropriate for decision without oral argument. Fed.R.Civ. P. 78; Local Rule 7-15. After considering the moving, opposing and replying papers thereon, the Court

---

[1] Defendant Ryan A. Nassbridges filed this Motion on behalf of himself, American Bullion Exchange ABEX, Corp., American Bullion Exchange, LLC, American Preferred Commodities APC Corp., R.E. Llyod Commodities Group Holdings LLC, and his wife, Bita J. Nassbridges. Nassbridges is not an attorney, and brings the Motion to Dismiss *pro se*. On January 12, 2011, Plaintiff U.S. Commodities Futures Trading Commission brought a Motion to Strike, contending that Nassbridges' Motion to Dismiss violated Local Rules, 83-2.1, 83-2.5.1, 83-2.10.1, and 83-2.10.2, which do not allow a party representing himself *pro se* to represent other individuals and entities. The Court granted the Motion to Strike. Accordingly, the Court limits its decision on the instant Motion to allegations brought in the Complaint against Nassbridges.

MINUTES FORM 11 DOC                                         Initials of Deputy Clerk nkb
CIVIL - GEN                                                                            Page 1 of 7

hereby DENIES the Motion.

### I.     Background

The Complaint alleges that Defendants Ryan A. Nassbridges ("Nassbridges"), American Bullion Exchange ABEX, Corp., and American Bullion Exchange, LLC (collectively, "Defendants") "fraudulently operated a commodity pool and defrauded at least 80 individuals of approximately $5.5 million." Complaint ¶ 2.  Defendants allegedly "solicited funds from individuals for the represented purpose of investing in gold bullion, palladium bullion, gold coins and silver coins," but instead used investors' funds to trade commodity futures and options. *Id*.

In light of this alleged wrongdoing, Plaintiff United States Commodities Futures Trading Commission ("CTFC") filed a Complaint with this Court on December 2, 2008, alleging (1) violations of the Commodities Exchange Act ("CEA"), 7 U.S.C. §1, *et seq.*, and (2) violations of Commission Regulations 17 C.F.R. § 1.1, *et seq*.

On January 4, 2011, Nassbridges filed this Motion.  Nassbridges avers that CTFC's claims should be dismissed because (1) the claims are barred by California's three year statute of limitations for civil actions, (2) 11 U.S.C.§ 362 prohibits CFTC from recovering money from Nassbridges, and (3) the CEA exempts Nassbridges from CTFC's jurisdiction.

### II.    Legal Standard

Under Federal Rule of Civil Procedure 12(b)(6), a complaint must be dismissed when a plaintiff's allegations fail to state a claim upon which relief can be granted. Dismissal for failure to state a claim does not require the appearance, beyond a doubt, that the plaintiff can prove "no set of facts" in support of its claim that would entitle it to relief. *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1968 (2007) (abrogating *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99 (1957)).  In order for a complaint to survive a 12(b)(6) motion, it must state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1950 (2009).  A claim for relief is facially plausible when the plaintiff pleads enough facts, taken as true, to allow a court to draw a reasonable inference that the defendant is liable for the alleged conduct. *Id.* at 1949.  If the facts only allow a court to draw a reasonable inference that the defendant is possibly liable, then the complaint must be dismissed. *Id.*  Mere legal conclusions are not to be accepted as true and do not establish a plausible claim for relief. *Id.* at 1950.  Determining whether a complaint states a plausible claim for relief will be a context-specific task requiring the court to draw on its judicial experience and common sense. *Id.*

In evaluating a 12(b)(6) motion, review is "limited to the contents of the complaint." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754 (9th Cir. 1994).  However, exhibits attached to the complaint, as well as matters of public record, may be considered in determining whether dismissal was proper without converting the motion to one for summary judgment.  *See Parks School of Business, Inc.*

*v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995); *Mack v. South Bay Beer Distributors, Inc.*, 798 F.2d 1279, 1282 (9th Cir. 1986). Further, a court may consider documents "on which the complaint 'necessarily relies' if: (1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the copy attached to the 12(b)(6) motion." *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006). "The Court may treat such a document as 'part of the complaint, and thus may assume that its contents are true for purposes of a motion to dismiss under Rule 12(b)(6)." *Id*.

Additionally, fraud claims must be pled with more particularity than other claims. Federal Rule of Civil Procedure 9(b) provides that, "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). "Rule 9(b) ensures that allegations of fraud are specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong." *Semegen v. Weidner,* 780 F.2d 727, 731 (9th Cir. 1985). Rule 9(b) therefore requires that allegations of fraud identify the parties to the misrepresentation such that each defendant is on notice of what specifically they are accused of. *Lancaster Cmty. Hosp. v. Antelope Valley Hosp. Dist.*, 940 F.2d 397, 405 (9th Cir. 1991).

Dismissal without leave to amend is appropriate only when the Court is satisfied that the deficiencies in the complaint could not possibly be cured by amendment. *Jackson v. Carey*, 353 F.3d 750, 758 (9th Cir. 2003) (citing *Chang v. Chen*, 80 F.3d 1293, 1296 (9th Cir. 1996)); *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000).

### III.   Discussion

#### 1.   Statute of Limitations

CTFC brings its claims pursuant to 7 U.S.C. § 13a-1 ("Section 13a-1"), seeking equitable relief and civil penalties.[2] Section 13a-1 does not contain a statute of limitations. Accordingly, the

---

[2] The text of Section 13a-1 provides CTFC with exclusive jurisdiction to bring an enforcement action for a permanent injunction and civil penalties, but courts have traditionally held that equitable relief is also appropriate under the statute. "Upon a proper showing, the district court is empowered to issue permanent or temporary injunctions or restraining orders, writs of mandamus or orders affording like relief, including orders to take such action as is necessary to remove the danger of violation. . ." *Commodity Futures Trading Commission v. Hunt*, 591 F.2d 1211 (6th Cir. 1979), cert. denied, 442 U.S. 921 (1979). This practice of the Courts has been added to an amendment of Section 13a-1, which, absent rule-making, will take effect in July of 2011.

Court must decide what statute of limitations, if any, applies.

The parties dispute the applicable statute of limitations. Nassbridges contends that CTFC's claims are subject to California's three year statute of limitations for all civil actions, Cal. Civ. Code § 312, *et seq.*, arguing that "federal civil actions track the State limitations period." Defendant's Motion to Dismiss ¶ 12. Since the acts alleged in the Complaint occurred more than three years from the filing of this case, Nassbridges moves to dismiss CTFC's claims. In response, CTFC argues that Cal. Civ. Code § 312 is inapplicable and urges the Court to look to the Securities and Exchange Act ("SEA"), 15 U.S.C. § 77a, in determining the appropriate statute of limitations under the CEA. The Court agrees with CTFC.

The Supreme Court determined long ago, in *United States v. Summerlin*, 310 U.S. 414, 416 (1940), that a federal government agency is afforded special status when it sues to enforce the rights of the public and is not bound by a state's statute of limitations. *Id.* at 416 ("[T]he United States is not bound by state statutes of limitation or subject to the defense of laches in enforcing its rights."). The opinion in *Summerlin* was brief and limited itself to rejecting the notion that a state statute of limitations should automatically bind federal enforcement actions; having reached this conclusion, the Court did not go on to affirmatively identify the statute of limitations that ***should*** apply. Later Supreme Court decisions, however, provide more guidance. In *DelCostello v. International Broth. of Teamsters*, 462 U.S. 151 (1983), the Court held that where a federal statute is silent as to the statute of limitations, "we do not ordinarily assume that Congress intended that there be no time limit on actions at all[.]" *Id.* at 158. Rather, the Supreme Court directed courts to "'borrow' the most suitable statute or other rule of timeliness from some other source." *Id*. The Supreme Court further stated that federal statutes without a statute of limitations do not track the state's statute of limitations when "a rule from elsewhere in federal law clearly provides a closer analogy than available state statutes, and when the federal policies at stake and the practicalities of litigation make that rule a significantly more appropriate vehicle for interstitial lawmaking." *Id*. at 172.

In this case, the Court concludes that "a rule from elsewhere in the law" – specifically, the rule applied to cases under the Securities and Exchange Act ("SEA") – provides one such "closer analogy" to the issue at hand. For the reasons explained below, "the federal policies at stake and the practicalities of litigation" make the SEA's statute of limitations rules more appropriate than the rule enunciated in Cal. Civ. Code § 312.

As with the CEA, the SEA does not include a statute of limitations on enforcement actions brought by the Securities Exchange Commission ("SEC"). The Ninth Circuit's decisions regarding actions brought by the SEC under the SEA have concluded that no statute of limitations applies when the SEC seeks equitable relief. *See SEC v. Rind*, 991 F.2d 1486, 1491 (9th Cir. 2003) (holding that "this and other circuits have concluded that various types of actions by government

officials are not subject to state, or indeed any other, limitations periods."); *see also SEC v. Berry*, 580 F. Supp. 2d 911, 919 (N.D. Cal 2008); *SEC v. Leslie*, 2008 WL 3876169 at *8 (N.D. Cal. Aug. 19, 2008); *SEC v. Des Champs*, 2009 WL 3068258 at *1-2 (D. Nev. Sept. 21, 2009). The Ninth Circuit in *Rind* reasoned that a statute of limitations on enforcement actions seeking equitable relief would frustrate the ability of the United States to protect its citizens. *Rind* at 1491-1492. Actions brought by SEC under the SEA and actions brought by CTFC under the CEA are both enforcement actions brought to protect the public's interest. It therefore makes sense to apply analogous statute of limitation rules to both actions. The Court thus concludes that CTFC does not face a statute of limitations on its enforcement action seeking equitable relief.[3]

This does not end the discussion, however, because, in this case, CTFC requests civil penalties in addition to equitable relief. Unlike actions for equitable relief, enforcement actions to recover civil penalties under the SEA do appear to face time limitations. Specifically, courts within then Ninth Circuit have applied the default five year statute of limitations for federal civil actions found in 28 U.S.C. § 2462 to SEC actions for civil penalties under the SEA. *See Berry,* 580 F. Supp. 2d at 918; *SEC v. Cotton*, 2006 WL 6382128 at *5 (C.D. Cal. Dec. 21, 2006). Because of the parallels between the SEA and the CEA, actions for civil penalties under the CEA may also be subject to a five year statute of limitations. In this case, however, all of the alleged conduct occurred within five years of the filing of this case; dismissal on statute of limitations grounds thus would be inappropriate even under this five year rule.

Accordingly, the Court finds that CTFC 's claims for equitable relief and civil penalties are not barred by any statute of limitations.

### 2. United States Bankruptcy Code

Nassbridges next argues that CTFC may not recover disgorgement of profits and monetary penalties because the United States Federal Bankruptcy Court, Santa Ana Division, discharged Nassbridges' debts on November 13, 2009. Nassbridges contends that, pursuant to 11 U.S.C. § 362 ("Section 362"), CTFC cannot recover for money discharged as debts. Consequently, Nassbridges argues that CTFC's claims must be dismissed.

Nassbridges' argument has myriad flaws. Section 362 is inapplicable to CTFC; by its terms, the statute exempts enforcement actions from its reach. 11 U.S.C. § 362(4) (stating that government actions to enforce police or regulatory actions are exempt); *see also CFTC v. Co Petro*

---

[3] The Eleventh Circuit has reached a similar conclusion, albeit not under the same line of reasoning. *CFTC v. Wilshire Investment Management Corp.*, 531 F. 3d 1339, 1344 n.2 (11th Cir. 2008).

*Marketing Group, Inc.*, 700 F. 2d 1279 (9th Cir. 1983) (holding that an enforcement action by CTFC is exempt). In any event, Section 362 does not even apply to Nassbridges, as Nassbridges' debts were discharged prior to the filing of this case. 11. U.S.C. § 362(c)(2) (stating that discharged debts are exempt from a judicial stay); *see also Severo v. Commissioner of Internal Revenue*, 586 F. 3d 1213 (9th Cir. 2009) (holding that a judicial stay ends once the bankruptcy court issues its discharge order).

Other provisions of the United States Bankruptcy Code similarly fail to protect Nassbridges from suit. CTFC may recover for discharged debts, as the United States Bankruptcy Code exempts government imposed penalties from a bankruptcy discharge. Pursuant to 11 U.S.C. § 523(a)(7), a debtor is not discharged from any debt "to the extent such debt is for a fine, penalty, or forfeiture payable to and for the benefit of a governmental unit, and is not compensation for actual pecuniary loss." The civil penalties brought in this case are exempt because such penalties are "payable to and for the benefit of" CTFC. *See FTC v. Paradise Palms Vacation Club*, 1997 WL 22387 *3-4 (9th Cir. Jan. 7, 1996) (allowing the FTC to recover its fine despite debtor's bankruptcy); *United States v. Serfling*, 1997 WL 414103 at *3-4 (N.D. Ill. July 17, 1997) (holding that CTFC could recover civil penalties because they were not discharged in bankruptcy); SEC *v. Fenster*, 929 F. Supp. 1346 (D. Col. 1996) (allowing SEC to recover civil penalties even though defendant was discharged of debts in bankruptcy). Likewise, bankruptcy discharge rules do not apply to equitable relief, such as the permanent injunction and disgorgement of profits sought by CTFC, because this kind of relief does not seek compensation for actual pecuniary loss.

In sum, the protections of the United States Bankruptcy Code do not provide a basis for dismissing CTFC's claims.

### 3. CTFC's Jurisdiction over Nassbridges' Alleged Conduct

In a final attempt at securing dismissal, Nassbridges argues that CTFC cannot bring claims against him because both the CEA and Commission Regulations 17 C.F.R. § 1.1, *et seq.*, exempt "Bullion and Coin Dealers or Companies in the U.S" from the statute's reasch. Nassbridges contends that because he owns companies that are engaged in bullion and coin trading, as opposed to futures and securities trading, CTFC's claims must be dismissed.

In considering a Motion to Dismiss, however, the Court must accept as true all factual allegations contained in the Complaint. Here, the Complaint alleges that Nassbridges misrepresented his companies as bullion and coin trading entities for the purpose of secretly investing his clients' money in trading futures and options. *Id.* For this reason, the Commission alleges violations of 4b(a)(i) and (iii), 4(c), and 4o of the CEA, and Commission Regulations sections 33.10(a) and (c) in the

Complaint.[4]  These provisions make it unlawful to defraud, or attempt to defraud, any person in connection with regulated commodity options transactions.  The Complaint's well-pleaded allegations undoubtedly fall under the ambit of the CEA.

Consequently, CTFC's claims may not be dismissed for lack of jurisdiction.

### IV.   Disposition

In light of the foregoing, the Court DENIES Nassbridges' Motion to Dismiss CTFC's Complaint.

The Clerk shall serve this minute order on all parties to the action.

---

[4] The CEA provides that CTFC has exclusive jurisdiction over commodity futures and related options.  7 U.S.C. §§ 2(a)(1)(A) and 13a-1 ("The Commission shall have exclusive jurisdiction. . .with respect to accounts, agreements, (including any transaction which is of the character of, or is commonly known in the trade as, an 'option' . . .) and transactions involving contracts of sale of commodity for future delivery, traded or executed on a contract market. . .").