**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

O

**CIVIL MINUTES - GENERAL**

Case No. SA CV 10-1876 DOC (RNBx)                    Date: September 26, 2011

Title: U.S. COMMODITY FUTURES TRADING COMMISSION v. AMERICAN BULLION
EXCHANGE ABEX, CORP., AMERICAN BULLION EXCHANGE, LLC, and RYAN A.
NASSBRIDGES, Defendants, and AMERICAN PREFERRED COMMODITIES APC CORP., R.E.
LLOYD COMMODITIES GROUP HOLDING, LLC, and BITA J. NASSBRIDGES, Relief
Defendants

PRESENT:

THE HONORABLE DAVID O. CARTER, JUDGE

  Julie Barrera                               Not Present
 Courtroom Clerk                             Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFFS: ATTORNEYS PRESENT FOR DEFENDANTS:

  NONE PRESENT                              NONE PRESENT

PROCEEDING (IN CHAMBERS): ORDER DENYING DEFENDANT RYAN A. NASSBRIDGES'
                          AND RELIEF DEFENDANT BITA J. NASSBRIDGES'
                          MOTION FOR RECONSIDERATION

        Before the Court is Defendant Ryan Nassbridges' ("R. Nassbridges") and Relief
Defendant Bita Nassbridges' ("B. Nassbridges") (jointly, the "Nassbridges") Motion for
Reconsideration of the Court's Order Granting Plaintiff's Motion to Strike Docket Numbers 55, 56, 57,
60, and 61 in the above-captioned case ("Motion for Reconsideration") (Docket 70).  The Court finds
this matter appropriate for decision without oral argument.  Fed. R. Civ. P. 78; Local Rule 7-15.  After
considering the moving and opposing papers, and for the reasons described below, the Court hereby
DENIES the Motion for Reconsideration.

        **I.      Background**

        The United States Commodity Futures Trading Commission ("Plaintiff") alleges that R.
Nassbridges, American Bullion Exchange ABEX, Corp., and American Bullion Exchange, LLC
(collectively, "Defendants") "fraudulently operated a commodity pool and defrauded at least 80
individuals of approximately $5.5 million."  Complaint, ¶ 2.  Defendants allegedly "solicited funds

MINUTES FORM 11 DOC                                    Initials of Deputy Clerk: jcb
CIVIL - GEN                                            Page 1 of 3

from individuals for the represented purpose of investing in gold bullion, palladium bullion, gold coins and silver coins," but instead used investors' funds to trade commodity futures and options. *Id*. Plaintiff contends that Defendants sustained overall net trading losses of approximately $2.2 million without disclosing such losses to the investors. *Id*. at ¶ 3. Additionally, Defendants, through R. Nassbridges, allegedly misappropriated investors' funds by transferring investors' funds into the Nassbridges' personal bank account. *Id*. at ¶ 5. Furthermore, to conceal the allegedly fraudulent operations and misappropriation, R. Nassbridges allegedly provided false and misleading testimony to Plaintiff. *Id*. at ¶ 7.

In light of the alleged wrongdoing, Plaintiff filed a Complaint with this Court on December 2, 2008, alleging various violations of the Commodity Exchange Act and Commission Regulations, including (1) fraud by fraudulent solicitation, misappropriation and failure to disclose trading and losses (both futures and options); (2) fraud as a commodity pool operator; (3) failure to register as a commodity pool operator; (4) failure to provide pool disclosure documents; and (5) failure to provide monthly account statements. (Docket 1).

On June 27, 2011, Plaintiff filed its Motion to Strike Docket Numbers 55, 56, 57, 60 and 61 (Docket 65) ("Plaintiff's Motion"). Plaintiff alleged that Docket Numbers 55, 56 and 57 contravene Local Rule 7.9, are untimely and should be stricken. Plaintiff's Motion, ¶ A. Plaintiff also alleged that Docket Numbers 60 and 61 were untimely because they were filed sixteen to twenty-one days after the Court had struck the Demurrer they supported, such that they should be stricken. Plaintiff's Motion, ¶ B. On July 15, 2011, the Nassbridges filed their Opposition to Plaintiff's Motion (Docket 67) ("Nassbridges' Opposition to Plaintiff's Motion").

On July 25, 2011, the Court granted Plaintiff's Motion (Docket 68). The Nassbridges subsequently filed this Motion for Reconsideration on August 1, 2011. The Motion for Reconsideration declared that R. Nassbridges was counting on appearing before the Court to present his oral argument in opposition to Plaintiff's Motion and to clarify certain facts. Motion for Reconsideration, ¶ 2. Therefore, the Nassbridges seek reconsideration on the grounds that R. Nassbridges would like to present oral argument in opposition to Plaintiff's Motion. *Id*. at ¶ 3.

## II.    Legal Standard

Federal Rule of Civil Procedure 60(b) "provides for reconsideration only upon a showing of (1) mistake, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) a void judgment; (5) a satisfied or discharged judgment; or (6) 'extraordinary circumstances' which would justify relief." *School Dist. No. 1J, Multnomah County v. Acands, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993) (quoting *Fuller v. M.G. Jewelry*, 950 F.2d 1437, 1442 (9th Cir. 1991)).

These grounds are further limited by the Local Rules. Local Rule 7-18 provides that a motion for reconsideration of a decision on any motion may be made only on the following grounds:

"(a) a material difference in fact or law from that presented to the Court before such decision that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of such decision, or (b) the emergence of new material facts or a change of law occurring after the time of such decision, or (c) a manifest showing of a failure to consider material facts presented to the Court before such decision." L.R. 7-18. Finally, the Local Rule states that "[n]o motion for reconsideration shall in any manner repeat any oral or written argument made in support of or in opposition to the original motion." *Id*.

### III.    Discussion

The Nassbridges have failed to establish grounds for reconsideration provided by Fed. R. Civ. P. 60(b) or Local Rule 7-18 for reconsideration. The Nassbridges make no statement to show that there has been a mistake, surprise, excusable neglect, newly discovered evidence, fraud, a void judgment, a satisfied or discharged judgment, or extraordinary circumstances which would justify relief. Nor do the facts set out in the Motion for Reconsideration indicate that any of these factors have been met. Rather, the Nassbridges seek reconsideration because R. Nassbridges would like to present oral argument in opposition to the Plaintiff's Motion and to clarify certain facts. Motion for Reconsideration, ¶ 2. Although the Motion for Reconsideration declared that R. Nassbridges would like to clarify certain facts, the Motion for Reconsideration does not point to any specific material facts that the Court failed to consider in reaching its decision on Plaintiff's Motion. As such, the Nassbridges have made no showing as to why the Court should reconsider its previous order.

### IV.    Disposition

In light of the foregoing, the Court DENIES the Nassbridges' Motion for Reconsideration.

The Clerk shall serve this minute order on all parties to the action.