UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

CIVIL MINUTES - GENERAL

Case No. SA CV 10-1876 DOC (RNBx)                                            Date: September 26, 2011

Title: U.S. COMMODITY FUTURES TRADING COMMISSION v. AMERICAN BULLION EXCHANGE ABEX, CORP., AMERICAN BULLION EXCHANGE, LLC, and RYAN A. NASSBRIDGES, Defendants, and AMERICAN PREFERRED COMMODITIES APC CORP., R.E. LLOYD COMMODITIES GROUP HOLDING, LLC, and BITA J. NASSBRIDGES, Relief Defendants

PRESENT:

THE HONORABLE DAVID O. CARTER, JUDGE

|  Julie Barrera  | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFFS: ATTORNEYS PRESENT FOR DEFENDANTS:

NONE PRESENT                                                                  NONE PRESENT

PROCEEDING (IN CHAMBERS): ORDER DENYING DEFENDANT RYAN A. NASSBRIDGES' AND RELIEF DEFENDANT BITA J. NASSBRIDGES' APPLICATION FOR COURT TO APPOINT AN ATTORNEY

     Before the Court is Defendant Ryan A. Nassbridges' ("R. Nassbridges") and Relief Defendant Bita J. Nassbridges' ("B. Nassbridges") (jointly, the "Nassbridges") Application for Court to Appoint an Attorney in the above-captioned case ("Application") (Docket 69). After considering the Application and the Nassbridges' Declarations In Support Thereof, and for the reasons described below, the Court hereby DENIES the Application.

     **I.**     **Background**

     The United States Commodity Futures Trading Commission ("Plaintiff") alleges that R. Nassbridges, American Bullion Exchange ABEX, Corp., and American Bullion Exchange, LLC (collectively, "Defendants") "fraudulently operated a commodity pool and defrauded at least 80 individuals of approximately $5.5 million." Complaint, ¶ 2. Defendants allegedly "solicited funds from individuals for the represented purpose of investing in gold bullion, palladium bullion, gold coins

and silver coins," but instead used investors' funds to trade commodity futures and options. *Id*. Plaintiff contends that Defendants sustained overall net trading losses of approximately $2.2 million without disclosing such losses to the investors. *Id*. at ¶ 3. Additionally, Defendants, through R. Nassbridges, allegedly misappropriated investors' funds by transferring investors' funds into the Nassbridges' personal bank account. *Id*. at ¶ 5. Furthermore, to conceal the allegedly fraudulent operations and misappropriation, R. Nassbridges allegedly provided false and misleading testimony to Plaintiff. *Id*. at ¶ 7.

In light of the alleged wrongdoing, Plaintiff filed a Complaint with this Court on December 2, 2008, alleging various violations of the Commodity Exchange Act and Commission Regulations, including (1) fraud by fraudulent solicitation, misappropriation and failure to disclose trading and losses (both futures and options); (2) fraud as a commodity pool operator; (3) failure to register as a commodity pool operator; (4) failure to provide pool disclosure documents; and (5) failure to provide monthly account statements (Docket 1).

On August 1, 2011, the Nassbridges filed this Application. The Nassbridges aver that the Court should appoint counsel because (1) the allegations are complex and are brought by a resourceful government agency against a bankrupt group of defendants and relief defendants; (2) the Nassbridges' answers, motions, and other responses in this matter were deemed unacceptable by the Court as they were either denied or stricken; (3) it is necessary for the Court to appoint counsel to at least inform the Court of the facts; and (4) leaving the Nassbridges without representation by counsel would be injustice and would cause their legal problems to worsen.

## II.     Legal Standard

Federal criminal defendants are entitled to representation of counsel, and the Court has the power to appoint and compensate counsel in such cases. *See United States v. 30.64 Acres of Land*, 795 F.2d 796, 801 (9th Cir. 1986). There is no constitutional right, however, to appointed counsel in civil matters. *See Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997) (no right to appointed counsel in Section 1983 action). The Court has no direct means to compensate counsel for representing a plaintiff, nor does the Court have authority to compel an attorney to represent a plaintiff. *Mallard v. United States Dist. Court*, 490 U.S. 296, 298, 301-10 (1989).

In exceptional circumstances, the Court has discretion to request counsel to voluntarily provide representation. 28 U.S.C. § 1915(e)(1) ("The court may request an attorney to represent any person unable to afford counsel"); *see also Mallard*, 490 U.S. at 298; *30.64 Acres of Land*, 795 F.2d at 798-803. To decide whether such "exceptional circumstances" exist, the Court evaluates both the likelihood of a litigant's success on the merits and his or her ability to articulate claims *pro se* in light of the complexity of the legal issues involved. *Rand*, 113 F.3d at 1525; *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). "Neither of these factors is dispositive and both must be viewed together before reaching a decision" regarding appointment of counsel. *Wilborn v. Escalderon*, 789 F.2d 1328, 1331

(9th Cir. 1986).

In *Wilborn*, 789 F.2d at 1331, the court affirmed the denial of a plaintiff's motion for request of counsel in a civil case. The court stated that although the plaintiff may have encountered difficulties articulating his claims *pro se*, the plaintiff had neither demonstrated a likelihood of success on the merits nor shown that his difficulties derived from the relative complexity of the issues involved. *Id*. The court also noted that although discovery is necessary to gather essential facts, and a *pro se* litigant will rarely be in the position to easily investigate such facts, the need for such discovery does not necessarily qualify the issues involved as "complex." *Id*. "If all that was required to establish successfully the complexity of the relevant issues was a demonstration of the need for development of further facts, practically all cases would involve complex legal issues." *Id*.

### III. Discussion

After seriously evaluating the Nassbridges' Application, the Nassbridges' likelihood of success on the merits and the Nassbridges' inability to articulate claims against the relative complexity of the matter have not been sufficiently established.

#### 1. Likelihood of Success on the Merits

The Nassbridges have not demonstrated a likelihood of success on the merits. The Nassbridges declared that their answers, motions, and other responses in this matter were deemed unacceptable by the Court, as they were either denied or stricken. Further, the Nassbridges aver that leaving them without representation by counsel would be injustice and would cause their legal problems to worsen. Application, ¶¶ 2-4. R. Nassbridges additionally declared that he at no time committed the alleged fraud. Declaration of Ryan Nassbridges In Support of Defendant's Application for Court Appointment of Counsel, ¶ 6. These declarations fall short of demonstrating a likelihood of success on the merits.

#### 2. Ability to Articulate Claims Against the Relative Complexity of the Matter

The Nassbridges have not demonstrated that their inability to articulate their claims derives from the complexity of the claims in this matter. The Nassbridges' answers, motions, and other responses in this matter were deemed unacceptable by the Court, as they were either denied or stricken. Application, ¶ 2. Therefore, the Nassbridges would like the Court to appoint an attorney who can inform the Court of the facts merely because they have been unsuccessful in doing so. This desire does not qualify the issues involved as "complex." Although the Court has sympathy for the plight of the *pro se*, there is not sufficient evidence showing that this case is particularly complex.

### IV. Disposition

In light of the foregoing, the Court DENIES the Nassbridges' Application for Court to Appoint an Attorney.

The Clerk shall serve this minute order on all parties to the action.