**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**



**CIVIL MINUTES - GENERAL**

Case No. SACV 10-1876 DOC (RNBx)                              Date: October 17, 2011

Title: U.S. COMMODITY FUTURES TRADING COMMISSION v. AMERICAN BULLION EXCHANGE ABEX, CORP., et al.

DOCKET ENTRY
         [I hereby certify that this document was served by first class mail or Government messenger service, postage prepaid, to all counsel (or parties) at their respective most recent address of record in this action on this date.]
                                                     Date:_____  Deputy Clerk: _____

PRESENT:
                          THE HONORABLE DAVID O. CARTER, JUDGE

        Julie Barrera                                          Not Present
        Courtroom Clerk                                        Court Reporter

    ATTORNEYS PRESENT FOR PLAINTIFFS:  ATTORNEYS PRESENT FOR DEFENDANTS:

         NONE PRESENT                                          NONE PRESENT

PROCEEDING (IN CHAMBERS): GRANTING THE NASSBRIDGES' MOTION TO VACATE AND SET ASIDE THE DEFAULT ENTRY BY THE CLERK AND DENYING THE NASSBRIDGES' MOTION TO RECONSIDER APPLICATION FOR COURT TO APPOINT AN ATTORNEY

        Before the Court is Defendant Ryan A. Nassbridges' ("R. Nassbridges") and Relief Defendant Bita J. Nassbridges' ("B. Nassbridges") (jointly, the "Nassbridges") Motion to Vacate and Set Aside the Default Entry by the Clerk ("Motion to Vacate") and the Nassbridges' Motion to Reconsider Application for Court to Appoint an Attorney ("Motion to Reconsider") (Dockets 81 and 85, respectively). The court finds these matters appropriate for decision without oral argument. Fed.R.Civ. P. 78; Local Rule 7-15. After considering the moving, opposing[1], and replying papers, the Court GRANTS Defendants' Motion to Vacate and DENIES Defendants' Motion to Reconsider.

_____

        [1]Where available

Accordingly, the hearings set for October 24, 2011 at 8:30 a.m. and October 31, 2011 at 8:30 a.m. are removed from the calendar.

## I. BACKGROUND

The United States Commodity Futures Trading Commission ("Plaintiff") alleges that R. Nassbridges, American Bullion Exchange ABEX, Corp., and American Bullion Exchange, LLC (collectively, "Defendants") "fraudulently operated a commodity pool and defrauded at least 80 individuals of approximately $5.5 million." Complaint, ¶ 2. Defendants allegedly "solicited funds from individuals for the represented purpose of investing in gold bullion, palladium bullion, gold coins and silver coins," but instead used investors' funds to trade commodity futures and options. *Id*. Plaintiff contends that Defendants sustained overall net trading losses of approximately $2.2 million without disclosing such losses to the investors. *Id*. at ¶ 3. Additionally, Defendants, through R. Nassbridges, allegedly misappropriated investors' funds by transferring investors' funds into the Nassbridges' personal bank account. *Id*. at ¶ 5. Furthermore, to conceal the allegedly fraudulent operations and misappropriation, R. Nassbridges allegedly provided false and misleading testimony to Plaintiff. *Id*. at ¶ 7.

In light of the alleged wrongdoing, Plaintiff filed a Complaint with this Court on December 8, 2010, alleging various violations of the Commodity Exchange Act and Commission Regulations, including (1) fraud by fraudulent solicitation, misappropriation and failure to disclose trading and losses (both futures and options); (2) fraud as a commodity pool operator; (3) failure to register as a commodity pool operator; (4) failure to provide pool disclosure documents; and (5) failure to provide monthly account statements (Docket 1).

On September 13, 2011, Plaintiff filed a request for a Clerk's Entry of Default, asserting that Defendants failed to plead as required by the Federal Rules of Civil Procedure (Docket 78). On September 16, 2011, the Clerk of the Court entered a Default as to the Nassbridges (Docket 80). The Nassbridges seek to set aside that Entry of Default.

On August 1, 2011, the Nassbridges filed an Application for the Court to Appoint an Attorney (Docket 69). The Court denied that Application on September 26, 2011 (Docket 83). The Nassbridges currently move for reconsideration of the Court's previous order.

## II. LEGAL STANDARD

### A. Motion to Vacate Clerk's Entry of Default

Entry of default by a clerk is governed by Federal Rule of Civil Procedure 55. Fed. R. Civ. P. 55. The decision to set aside an entry of default is at the discretion of the trial court judge. *Ashby v. McKenna*, 331 F.3d 1148, 1152 (10th Cir. 2003). A decision to set aside an entry of

default should "be disturbed only upon a finding of an abuse of discretion." *Rasmussen v. Am. Nat'l Red Cross*, 155 F.R.D. 549, 551 (S.D.W.Va. 1994).

According to Federal Rule of Civil Procedure 55(c), "[t]he court may set aside an entry of default for good cause...." Fed. R. Civ. P. 55(c). The "good cause" standard under Rule 55(c) is an easier burden for the allegedly defaulting party than the excusable neglect standard required to obtain relief from default judgment under Rule 60(b). *See Dennis Garberg & Assocs., Inc. v. Pack-Tech Int'l Corp.*, 115 F.3d 767, 775 n.6 (10th Cir. 1997). The good cause standard is relaxed because "the preferred disposition of any case is upon its merits and not by default judgment." *Gomes v. Williams*, 420 F.2d 1364, 1366 (10th Cir.1970).

To determine whether to vacate the clerk's entry of default, the Court considers the following factors: (1) whether the defendant's culpable conduct led to the default; (2) whether defendant has a meritorious defense; and (3) whether plaintiff will be prejudiced by setting aside the entry of default.[2] *TCI Group Life Ins. Plan v. Knoebber*, 244 F.3d 691, 696 (9th Cir. 2001) (citing *Falk v. Allen,* 739 F.2d 461, 463 (9th Cir. 1984)), overruled on other grounds by *Egelhoff v. Egelhoff ex rel. Breiner,* 532 U.S. 141, 147-50 (2001). However, "[a] court need not consider all of the factors, and may consider other factors as well." *Guttman v. Silverberg*, 167 Fed. Appx. 1, 4 (10th Cir. Dec. 19, 2005) (citing *In re Dierschke*, 975 F.2d 181, 183-84 (5th Cir.1992), *cert. denied* 2006 U.S. LEXIS 3460 (May 1, 2006)). Default is not to be freely granted, however, as "a case should, whenever possible, be decided on the merits." *TCI Group,* 244 F.3d at 697.

### B. Motion for Reconsideration

Federal Rule of Civil Procedure 60(b) "provides for reconsideration only upon a showing of (1) mistake, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) a void judgment; (5) a satisfied or discharged judgment; or (6) 'extraordinary circumstances' which would justify relief." *School Dist. No. 1J, Multnomah County v. Acands, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993) (quoting *Fuller v. M.G. Jewelry*, 950 F.2d 1437, 1442 (9th Cir. 1991)).

These grounds are further limited by the Local Rules. Local Rule 7-18 provides that a motion for reconsideration of a decision on any motion may be made only on the following grounds: "(a) a material difference in fact or law from that presented to the Court before such decision that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of such decision, or (b) the emergence of new material facts or a change of law occurring after the time of such decision, or (c) a manifest showing of a failure to consider material facts presented to the Court before such decision." L.R. 7-18. Finally, the Local Rule states that "[n]o motion for reconsideration shall in any manner repeat any oral or written argument made in support of or in

---

[2]The same three factors apply to both the lifting of entries of default under Fed. R. Civ. P. 55(c) and the vacating of a default judgment under Rule 60(b).

opposition to the original motion." *Id*.

### III. DISCUSSION

#### A. Motion to Vacate Clerk's Entry of Default

Courts can deny a motion to vacate the clerk's entry of default if any of the following three factors are present: (1) culpable conduct that led to the default, (2) the lack of any meritorious defense, and (3) prejudice to the plaintiff. Plaintiff has conceded that setting aside the entry of default would not prejudice its case. Response to Motion to Vacate Default, 5. The Court's consideration of the first two factors weighs in favor of granting the Nassbridges' Motion to Vacate.

The first factor weighs in favor of granting the Motion to Vacate. Culpable conduct tends to mean that a defendant has read and understood and complaint but intentionally taken no steps to meet the deadline for filing a responsive pleading. *TCI Group,* 244 F.3d at 697. Defendants' failure to respond to Plaintiffs' Complaint is not culpable because there is no direct evidence of bad faith or intent. For example, a failure to respond may be considered culpable when there is "an intention to take advantage of the opposing party, interfere with judicial decisionmaking, or otherwise manipulate the legal process." *Id.* Plaintiff's best argument on this point is that the Nassbridges have submitted "a multitude of filings." Response to Motion to Vacate Default, 3. Simply because the Nassbridges have frequently sought reconsideration of the Court's decisions does not necessarily mean that they are litigating in bad faith. While it is possible that a party who files frequent motions without answering a complaint is trying to game the system, that inference seems a stretch in the present case. Rather, it appears that the Nassbridges believed their frequent filings should have been sufficient to protect against the entry of default. Motion to Vacate, 2. The Nassbridges appear to genuinely believe the entry of default was in error. *Id.* Given the Defendants' pro se status, the Court is inclined to give them the benefit of the doubt at the present time.

Similarly, the Court does not at present possess enough information regarding the merits of Defendants' defenses. This second factor does not weigh strongly in either direction. Plaintiff correctly observes that the Motion to Vacate does not present any defenses. Response to Motion to Vacate Default, 4. The Court is aware that its decisions on the Nassbridges' Application for Court's Appointment of Counsel (Docket 69) and Motion to Reconsider the Stricken Documents (Docket 70) have no impact on their obligation to file a responsive pleading. Yet, the Court can understand why the Nassbridges, as laypersons, believed that the existence of pending motions would preclude the entry of default against them. The Court is particularly concerned with the plight of pro se defendants, as they have not chosen of their own free will to commence litigation in federal court. Accordingly, the Court will give Defendants one final chance to file a responsive pleading pursuant to Federal Rule of Civil Procedure 12(a). Defendants should be aware, however, that the Court is not inclined to give any further extensions and will not tolerate attempts to "game the system" by either licensed attorneys or parties appearing pro se. Any future actions suggesting bad faith will not be met with the Court's

present leniency.

Defendants shall file a responsive pleading by **November 14, 2011.** Failure to do so may result in an entry of default against Defendants.

### B. Motion for Reconsideration

The Nassbridges have failed to establish grounds for reconsideration provided by Fed. R. Civ. P. 60(b) or Local Rule 7-18 for reconsideration. The Nassbridges make no statement to show that there has been a mistake, surprise, excusable neglect, newly discovered evidence, fraud, a void judgment, a satisfied or discharged judgment, or extraordinary circumstances which would justify relief. Nor do the facts set out in the Motion for Reconsideration indicate that any of these factors have been met. Although Defendants argue that it is "unjust to speculate on the chances of success" before providing counsel, there is unfortunately no civil right to counsel. The Court has sympathy for the plight of the *pro se*, but there is simply not sufficient evidence demonstrating the merits of success or showing that this case is particularly complex.

### IV. DISPOSITION

For the foregoing reasons, the Motion to Vacate is GRANTED and the Motion for Reconsideration is hereby DENIED. Defendants shall file a responsive pleading on or before November 14, 2011.

The Clerk shall serve this minute order on all parties to the action.