## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

O

### CIVIL MINUTES - GENERAL

Case No. SACV 10-1876 DOC (RNBx)                    Date: July 3, 2012

Title: U.S. COMMODITY FUTURES TRADING COMMISSION -V- AMERICAN BULLION EXCHANGE ABEX, CORP., ET AL.

PRESENT:

#### THE HONORABLE DAVID O. CARTER, JUDGE

   Julie Barrera                               Not Present   
Courtroom Clerk                              Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFFS: ATTORNEYS PRESENT FOR DEFENDANTS:

NONE PRESENT                              NONE PRESENT

PROCEEDING (IN CHAMBERS): GRANTING PLAINTIFF'S MOTION TO STRIKE
DEFENDANTS' MOTION TO VACATE

       Before the Court is Defendant Ryan A. Nassbridges' ("R. Nassbridges") and Relief Defendant Bita J. Nassbridges' ("B. Nassbridges") (jointly, the "Nassbridges") Motion to Vacate and Set Aside the Default Entry by the Clerk ("Motion to Vacate") (Docket 129). Plaintiff has moved to strike the Nassbridges' Motion to Vacate ("Motion to Strike") (Docket 133). The Court finds these matters appropriate for decision without oral argument. Fed.R.Civ. P. 78; Local Rule 7-15. After considering the papers on both the Motion to Vacate and Motion to Strike, the Court GRANTS Plaintiff's Motion to Strike.

       Accordingly, the hearings set for July 9, 2012 at 8:30 a.m. and July 23, 2012 at 8:30 a.m. are removed from the calendar.

### I. BACKGROUND

       The United States Commodity Futures Trading Commission ("Plaintiff") alleges that R. Nassbridges, American Bullion Exchange ABEX, Corp., and American Bullion Exchange, LLC (collectively, "Defendants") "fraudulently operated a commodity pool and defrauded at least 80

individuals of approximately $5.5 million." Complaint, ¶ 2. Defendants allegedly "solicited funds from individuals for the represented purpose of investing in gold bullion, palladium bullion, gold coins and silver coins," but instead used investors' funds to trade commodity futures and options. *Id.* Plaintiff contends that Defendants sustained overall net trading losses of approximately $2.2 million without disclosing such losses to the investors. *Id.* at ¶ 3. Additionally, Defendants, through R. Nassbridges, allegedly misappropriated investors' funds by transferring investors' funds into the Nassbridges' personal bank account. *Id.* at ¶ 5. Furthermore, to conceal the allegedly fraudulent operations and misappropriation, R. Nassbridges allegedly provided false and misleading testimony to Plaintiff. *Id.* at ¶ 7.

In light of the alleged wrongdoing, Plaintiff filed a Complaint with this Court on December 8, 2010, alleging various violations of the Commodity Exchange Act and Commission Regulations, including (1) fraud by fraudulent solicitation, misappropriation and failure to disclose trading and losses (both futures and options); (2) fraud as a commodity pool operator; (3) failure to register as a commodity pool operator; (4) failure to provide pool disclosure documents; and (5) failure to provide monthly account statements (Docket 1).

On May 30, 2012, Plaintiff filed a request for a Clerk's Entry of Default against American Bullion Exchange ABEX, Corp. and American Bullion Exchange, LLC (collectively, "Corporate Defendants"), as well as against American Preferred Commodities APC Corp. And R.E. Lloyd Commodities Group Holding LLC (collectively, "Corporate Relief Defendants"). On June 1, 2012, the Clerk of the Court entered a Default as to the Corporate Defendants and the Corporate Relief Defendants (Docket 126). The Nassbridges seek to set aside that Entry of Default in a motion that Plaintiff seeks to strike.

## II. DISCUSSION

The Court need not address the merits of the Nassbridges' Motion to Vacate because its mere existence contravenes Local Rule 83's prohibition against non-attorneys representing individuals or entities other than themselves. *See* L. R. 83-2.10.1 (A corporation may not appear in any action or proceeding *pro se*); L. R. 83-2.1 ("An appearance before the Court on behalf of another party or a class may be made only by an attorney admitted to the Bar of or permitted to practice before this Court.")**;** *D-Beam Ltd. Partnership v. Roller Derby Skates, Inc.,* 366 F.3d 972, 974-74 (9th Cir. 2004) ("It is a longstanding rule that 'corporations and other unincorporated associations must appear in court through an attorney.") (citing *Licht v. Am. W. Airlines,* 40 F.3d 1058, 1059 (9th Cir. 1994)).

Because R. Nassbridges and B. Nassbridges are *pro se,* they may argue on behalf of themselves individually but not on behalf of either the Corporate Defendants or the Corporate Relief Defendants. As such, the Motion to Vacate is hereby STRICKEN.

## III. DISPOSITION

For the foregoing reasons, the Motion to Strike is GRANTED and the Motion to Vacate shall be STRICKEN.

The Clerk shall serve this minute order on all parties to the action.