IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

_____

U.S. COMMODITY FUTURES        )
TRADING COMMISSION            ) Case No. SACV10-1876 DOC (RNBx)
                              )
         Plaintiff,           )
                              )
  v.                          )
                              ) [Proposed] Final Judgment and
AMERICAN BULLION EXCHANGE     ) Order of Permanent Injunction,
ABEX, CORP., a California     ) Civil Monetary Penalty and Other
corporation, AMERICAN BULLION ) Equitable Relief Against Defendants
EXCHANGE, LLC, a California limited ) and Relief Defendants
liability company and RYAN A. )
NASSBRIDGES,                  ) Hon. David O. Carter
                              )
        Defendants, and       )
                              )
AMERICAN PREFERRED            )
COMMODITIES APC CORP., a      )
California corporation, R.E. LLOYD )
COMMODITIES GROUP HOLDING     )
LLC, a California limited liability )
company and BITA J. NASSBRIDGES, )
                              )
        Relief Defendants.    )
_____)

## I. INTRODUCTION

On December 8, 2010, Plaintiff U.S. Commodity Futures Trading Commission ("Commission") filed a Complaint (Dkt. #1) against Defendants Ryan A. Nassbridges ("R. Nassbridges"), American Bullion Exchange ABEX Corp. ("ABEX Corp.") and American Bullion Exchange, LLC ("ABEX LLC") (collectively, "Defendants") and Relief Defendants Bita J. Nassbridges ("B. Nassbridges"), American Preferred Commodities APC Corp. ("APC") and R.E. Lloyd Commodities Group Holding LLC ("R.E. Lloyd") (collectively, Relief Defendants") for Injunctive Relief, Civil Monetary Penalties and Ancillary Equitable Relief Under the Commodity Exchange Act ("CEA"), 7 U.S.C. §1 *et seq.* (2012) and Commission Regulations ("Regulations"), 17 C.F.R. §1.1 *et seq.* (2013).

On August 7, 2014, the Court entered its Order Granting, In Part, Plaintiff's Motion for Summary Judgment Against R. Nassbridges and B. Nassbridges ("SJ Order") (Dkt. #278). On September 16, 2014, the Court entered its Order Granting the Commission's Motion for Default Judgment Against ABEX Corp., ABEX LLC, APC and R.E. Lloyd ("DJ Order") (Dkt. #293). In the SJ and DJ Orders, the Court made findings of fact and conclusions of law, establishing that from at least July 2006 through April 2008, the following occurred:

1. Defendants committed fraud and misappropriation, in or in connection with an offer to enter into, the entry into, the confirmation of, the execution of, or

2

the maintenance of commodity futures transactions in violation of Sections 4b(a)(2)(A) and (C) of the CEA, 7 U.S.C. §§ 6b(a)(2)(A) & (C) (2012).

2. Defendants committed fraud and misappropriation, in or in connection with an offer to enter into, the entry into, the confirmation of, the execution of, or the maintenance of commodity options transactions, in violation of Section 4c(b) of the CEA, 7 U.S.C. § 6c(b) (2012), and Regulations 33.10(a) and (c), 17 C.F.R. §§ 33.10(a) & (c) (Repealed June 26, 2012).

3. ABEX Corp. and ABEX LLC, while acting as commodity pool operators ("CPOs"), and R. Nassbridges, while acting as an associated person ("AP") of ABEX Corp. and ABEX LLC, committed fraud and misappropriation, in violation of Sections 4o(1)(A) and (B) of the CEA, 7 U.S.C. § 6o(1)(A) & (B) (2012).

4. ABEX Corp. and ABEX LLC acted as unregistered CPOs, in violation of Section 4m(1) of the CEA, 7 U.S.C. § 6m(1) (2012).

5. R. Nassbridges acted as an unregistered AP of CPOs, ABEX Corp. and ABEX LLC, in violation of Section 4k(2) of the CEA, 7 U.S.C. § 6k(2) (2012).

6. ABEX Corp. and ABEX LLC failed to operate their commodity pool as a legal entity separate from themselves as CPOs, in violation of Regulation 4.20(a)(1), 17 C.F.R. § 4.20(a)(1) (2013).

7. ABEX Corp. and ABEX LLC accepted pool funds in the name of

ABEX Corp. and ABEX LLC and not in the name of their commodity pool, in violation Regulation 4.20(b), 17 C.F.R. § 4.20(b) (2013).

8. ABEX Corp. and ABEX LLC failed to furnish participants with a Disclosure Document, in violation of Regulation 4.21, 17 C.F.R. § 4.21 (2013).

9. ABEX Corp. and ABEX LLC failed to furnish participants with Account Statements, in violation of Regulation 4.22, 17 C.F.R. § 4.22 (2013).

10. ABEX Corp. and ABEX LLC are liable for its agent's, R. Nassbridges', violations of the CEA and Regulations, pursuant to Section 2(a)(1)(B) of the CEA, 7 U.S.C. § 2(a)(1)(B) (2012), and Regulation 1.2, 17 C.F.R. § 1.2 (2013).

11. ABEX Corp. and ABEX LLC were engaged in a common enterprise and are therefore, jointly and severally liable for their violations of the CEA and Regulations.

12. Relief Defendants APC, R.E. Lloyd and B. Nassbridges received funds that were obtained as a result of Defendants' fraudulent conduct and have no legitimate entitlement to or interest in those funds.

**IT IS THEREFORE HEREBY ORDERED THAT:**

## II. PERMANENT INJUNCTION

1. Pursuant to Section 6c(a) of the CEA, 7 U.S.C. § 13a-1(a) (2012), Defendants are permanently restrained, enjoined and prohibited from directly or indirectly:

4

a. in connection with any order to make, or the making of, any contract of sale of any commodity for future delivery, or swap, that is made, or to be made, for or on behalf of, or with, any other person, other than on or subject to the rules of a designated contract market; (A) cheating or defrauding or attempting to cheat or defraud the other person; . . . or (C) willfully deceiving or attempting to deceive the other person by any means whatsoever in regard to any order or contract or the disposition or execution of any order or contract, in violation of Section 4b(a)(2)(A) and (C);

b. in connection with an offer to enter into, entering into or confirming the execution of, any transaction involving any commodity regulated under the CEA which is of the character of, or is commonly known in to the trade as, an "option", cheating or defrauding or attempting to cheat or defraud another person or willfully deceiving or attempting to deceive another person by any means whatsoever, in violation of Section 4c(b) and Regulations 33.10(a) and (c);

c. while acting as a CPO, as that term is defined in Section 1a(11) of the CEA, 7 U.S.C. § 1a(11) (2012), or an AP of a CPO, as that term is defined in Regulation 1.3(aa), 17 C.F.R. § 1.3(aa) (2013), by use of the mails or any means or instrumentality of interstate commerce, directly or indirectly, (A) employing any device, scheme , or artifice

        to defraud any client or participant or prospective client or participant; or (B) engaging in any transaction, practice, or course of business which operates as a fraud or deceit upon any client or participant or prospective client or participant, in violation of Sections 4o(1)(A) and (B);

   d. while acting as an AP of a CPO, as that term is defined in Regulation 1.3(aa), failing to register as an AP of a CPO in violation of Section 4k(2);

2. Pursuant to Section 6c(a), ABEX Corp. and ABEX LLC, while acting as CPOs, as that term is defined in Section 1a(11), are also permanently restrained, enjoined and prohibited from directly or indirectly:

   a. failing to register as CPOs in violation Section 4m(1);

   b. failing to operate their pool as an entity cognizable as a legal entity separate from that of the CPOs, in violation of Regulation 4.20(a)(1);

   c. failing to receive funds, securities or other property from an existing or prospective pool participant for the purchase of an interest or as an assessment (whether voluntary or involuntary) on an interest in a pool that it operates or that it intends to operate in the name of the pool, in violation of Regulation 4.20(b);

   d. failing to deliver or cause to be delivered to a prospective participant in a pool that it operates or intends to operate, a Disclosure Document

for the pool prepared in accordance with Regulations 4.24 and 4.25, 17 C.F.R. §§ 4.24 & 4.25 (2013), by no later than the time it delivers to the prospective participant a subscription agreement for the pool, in violation of Regulation 4.21; and

e. failing to periodically distribute to each participant in each pool that it operates, within 30 calendar days after the last date of the reporting period, an Account Statement containing the information required by Regulation 4.22, in violation of Regulation 4.22.

3. Defendants are also permanently restrained, enjoined and prohibited from engaging, directly or indirectly, in:

a. trading on or subject to the rules of any registered entity (as that term is defined in Section 1a of the CEA, 7 U.S.C. § 1a (2012));

b. entering into any transactions involving commodity futures, options on commodity futures, commodity options (as that term is defined in Regulation 1.3(hh), 17 C.F.R. § 1.3(hh) (2013)), security futures products, swaps (as that term is defined in Section 1a(47) of the CEA, 7 U.S.C. § 1a(47) (2012), and as further defined by Regulation 1.3(xxx), 17 C.F.R. § 1.3(xxx) (2013)), and/or foreign currency (as described in Sections 2(c)(2)(B) and (C)(i) of the CEA, 7 U.S.C. §§ 2(c)(2)(B) & (C)(i) (2012)) ("forex contracts") for their own personal account or for any account in which they have a direct or indirect

  interest;

c. having any commodity futures, options on commodity futures, commodity options, security futures products, swaps, and/or forex contracts traded on their behalf;

d. controlling or directing the trading for or on behalf of any other person or entity, whether by power of attorney or otherwise, in any account involving commodity futures, options on commodity futures, commodity options, security futures products, swaps, and/or forex contracts;

e. soliciting, receiving, or accepting any funds from any person for the purpose of purchasing or selling any commodity futures, options on commodity futures, commodity options, security futures products, swaps, and/or forex contracts;

f. applying for registration or claiming exemption from registration with the Commission in any capacity, and engaging in any activity requiring such registration or exemption from registration with the Commission, except as provided for in Regulation 4.14(a)(9), 17 C.F.R. § 4.14(a)(9) (2013); and

g. acting as a principal (as that term is defined in Regulation 3.1(a), 17 C.F.R. § 3.1(a) (2013)), agent or any other officer or employee of any person (as that term is defined in Section 1a) registered, exempted

from registration or required to be registered with the Commission, except as provided for in Regulation 4.14(a)(9).

### III. CIVIL MONETARY PENALTY

4. R. Nassbridges shall pay a civil monetary penalty ("CMP") of $3,430,000, plus post-judgment interest (the "R. Nassbridges' CMP Obligation"), immediately.

5. ABEX Corp. and ABEX LLC shall pay a CMP, jointly and severally, of $14,790,000, plus post-judgment interest (the "ABEX Enterprise CMP Obligation"), immediately.

6. Post-judgment interest shall be determined by using the Treasury Bill rate prevailing on the date of this Order pursuant to 28 U.S.C. § 1961 (2006).

7. Defendants shall pay their CMP Obligations by electronic funds transfer, or by U.S. Postal money order, certified check, bank cashier's check, or bank money order. If payment is to be made other than by electronic funds transfer, the payment shall be made payable to the Commodity Futures Trading Commission and sent to the address below:

> Commodity Futures Trading Commission
> Division of Enforcement
> Attn: Accounts Receivables – AMZ 340
> DOT/FAA/MMAC
> 6500 S. MacArthur Blvd.
> Oklahoma City, Oklahoma 73169
> Telephone: 405-954-5644

8. If payment is to be made by electronic funds transfer, Defendants

9

shall contact Nikki Gibson or her successor at the above address to receive payment instructions and shall fully comply with those instructions. Defendants shall accompany payment of the penalty with a cover letter that identifies its name and the name and docket number of the proceedings. Defendants shall simultaneously transmit copies of the cover letter and the form of payment to the Director, Division of Enforcement, Commodity Futures Trading Commission, Three Lafayette Centre, 1155 21st Street, NW, Washington, DC 20581, and the Chief, Office of Cooperative Enforcement, Division of Enforcement, at the same address.

## IV.    DISGORGEMENT

9.    B. Nassbridges is ordered to disgorge $821,893, plus post-judgment interest (the "B. Nassbridges Disgorgement Obligation"), immediately.

10.    APC is ordered to disgorge $110,600, plus post-judgment interest (the "APC Disgorgement Obligation"), immediately.

11.    R.E. Lloyd is ordered to disgorge $1,250,000, plus post-judgment interest (the "R.E. Lloyd Disgorgement Obligation"), immediately.

12.    Post-judgment interest shall be determined by using the Treasury Bill rate prevailing on the date of this Order pursuant to 28 U.S.C. § 1961.

13.    To effect payment of the B. Nassbridges Disgorgement Obligation, APC Disgorgement Obligation and R.E. Lloyd Disgorgement Obligation (collectively, the "Disgorgement Obligations") and the distribution of any

disgorgement payments to Defendants' participants, the Court appoints the National Futures Association ("NFA") as Monitor ("Monitor"). The Monitor shall collect disgorgement payments from Relief Defendants and make distributions as set forth below. Because the Monitor is acting as an officer of this Court in performing these services, the NFA shall not be liable for any action or inaction arising from NFA's appointment as Monitor, other than actions involving fraud.

14. Relief Defendants shall make Disgorgement Obligation payments under this Order to the Monitor in the name "ABEX Enterprise Disgorgement Fund" and shall send such Disgorgement Obligation payments by electronic funds transfer, or by U.S. postal money order, certified check, bank cashier's, or bank money order, to the Office of Administration, National Futures Association, 300 South Riverside Plaza, Suite 1800, Chicago, Illinois 60606, under a cover letter that identifies the name of the paying Relief Defendant and the name and docket number of this proceeding. Relief Defendants shall simultaneously transmit copies of the cover letter and the form of payment to the Chief Financial Officer, Commodity Futures Trading Commission, Three Lafayette Centre, 1155 21st Street, NW, Washington, D.C. 20581.

15. The Monitor shall oversee the Disgorgement Obligations and shall have the discretion to determine the manner of distribution of such funds in an equitable fashion to Defendants' participants; or may defer distribution until such time as the Monitor deems appropriate. In the event that the amount of

Disgorgement Obligation payments to the Monitor are of a *de minimis* nature such that the Monitor determines that the administrative cost of making a distribution to Defendants' participants is impractical, the Monitor may, in its discretion, treat such disgorgement payments as CMP payments, which the Monitor shall forward to the Commission following the instructions for CMP payments set forth in Part III., above.

16. Relief Defendants shall execute any documents necessary to release funds that they have in any repository, bank, investment or other financial institution, wherever located, in order to make partial or total payment toward the Disgorgement Obligations.

17. Within thirty (30) days of receiving this Final Judgment, any financial institution, including any Futures Commission Merchant ("FCM"), holding funds in the name of the Relief Defendants, is specifically directed to liquidate and release all funds, whether the funds are held in a single or joint account, or any other capacity, and to convey by wire transfer to an account designated by the Monitor, all funds in these accounts, less any amounts required to cover the financial institutions' outstanding administrative or wire transfer fees. At no time during the liquidation, release, and/or wire transfer of these funds pursuant to this Final Judgment shall Relief Defendants be afforded any access to, or be provided with, any funds from these accounts. Relief Defendants and all banks and financial institutions subject to this Final Judgment shall cooperate fully and expeditiously

with the Commission and the Monitor in the liquidation, release, and wire transfer of these funds.

18. The Monitor shall provide the Commission at the beginning of each calendar year with a report detailing the disbursement of funds to Defendants' participants during the previous year. The Monitor shall transmit this report under a cover letter that identifies the name and docket number of this proceeding to the Chief Financial Officer, Commodity Futures Trading Commission, Three Lafayette Centre, 1155 21st Street, NW, Washington, D.C. 20581.

19. The amounts payable to each of Defendants' participants shall not limit the ability of any of Defendants' participants from proving that a greater amount is owed from Relief Defendants or any other person or entity, and nothing herein shall be construed in any way to limit or abridge the rights of any of Defendants' participants that exist under state or common law.

20. Pursuant to Federal Rule of Civil Procedure 71, each of Defendants' participants who suffered a loss is explicitly made an intended third-party beneficiary of this Order and may seek to enforce obedience of this Order to obtain satisfaction of any portion of the disgorgement that has not been paid by Relief Defendants to ensure continued compliance with any provision of this Order and to hold Relief Defendants in contempt for any violations of any provision of this Order.

21. To the extent that any funds accrue to the U.S. Treasury for

satisfaction of Relief Defendants' Disgorgement Obligations, such funds shall be transferred to the Monitor for disbursement in accordance with the procedures set forth above.

## V. MISCELLANEOUS PROVISIONS

22. **Partial Satisfaction**: Any acceptance by the Commission or the Monitor of partial payment of Defendants' CMP Obligations or Relief Defendants' Disgorgement Obligations shall not be deemed a waiver of Defendants' and/or Relief Defendants' obligations to make further payments pursuant to this Final Judgment, or a waiver of the Commission's right to seek to compel payment of any remaining balance.

23. **Injunctive and Equitable Relief**: The injunctive and equitable relief provisions of this Final Judgment shall be binding upon Defendants and Relief Defendants and upon any persons who are acting in the capacity of agent, officer, employee, servant, attorney, successor and/or assign of Defendants and/or Relief Defendants, and upon any person acting in active concert or participation with Defendants and/or Relief Defendants who receives actual notice of this Final Judgment by personal service or otherwise.

24. **Notices**: All notices required to be given by any provision in this Final Judgment shall be sent certified mail, return receipt requested, as follows:

Notice to the Commission:

Director of Enforcement
Commodity Futures Trading Commission

Division of Enforcement
Three Lafayette Centre
1155 21st Street, NW
Washington, DC 20581

Notice to the Defendants and/or Relief Defendants:

Ryan A. Nassbridges
Bita J. Nassbridges
American Bullion Exchange ABEX, Corp.
American Bullion Exchange, LLC
American Preferred Commodities APC Corp.
R.E. Lloyd Commodities Group Holdings LLC
30025 Alicia Pkwy,
PMB Box #219
Laguna Niguel, CA 92677

25. **Change of Address/Phone:** In the event that there is an address and/or telephone number change for any Defendant or Relief Defendant, that party shall provide written notice to the Commission by certified mail of any change to their telephone number and mailing address within ten (10) calendar days of the change.

26. **Invalidation**: If any provision of this Final Judgment or if the application of any provision or circumstance is held invalid, the remainder of this Final Judgment and the application of the provisions to any other person or circumstances shall not be affected by the holding.

27. **Waiver**: The failure of any party to this Final Judgment or any pool participant at any time or times to require performance of any provision hereof shall in no manner affect the right of such party or pool participant at a later time to enforce the same or any other provision of this Final Judgment. No waiver in one

15

or more instances of the breach of any provision contained in this Final Judgment shall be deemed to be or construed as a further or continuing waiver of such breach or waiver of the breach of any other provision of this Final Judgment.

28. **Continuing Jurisdiction of this Court**: This Court shall retain jurisdiction of this cause to assure compliance with this Final Judgment and for all other purposes related to this action, including any motion by Defendants and/or Relief Defendants to modify, or for relief, from the terms of this Final Judgment.

There being no just reason for delay, the Clerk of the Court is hereby directed to enter this Final Judgment and Order for Permanent Injunction, Civil Monetary Penalty and Other Equitable Relief.

SO ORDERED this 8th day of October, 2014.

_David O. Carter_
_____
U.S. District Court Judge

16